DA 12-0146

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 189N

LARRY G. SCHUSTER,

      Plaintiff and Appellant,

    v.

JERRY W. SCHUSTER,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 10-866
Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Larry G. Schuster, Attorney at Law, Billings, Montana

      For Appellee:

          Gary S. Deschenes, Deschenes & Sullivan, Great Falls, Montana

Submitted on Briefs:  August 15, 2012

Decided:  August 28, 2012

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This action was brought by Larry Schuster against his brother Jerry over monies Larry expended on Jerry's behalf. In addition to direct loans to Jerry, Larry asserts that he paid the mortgage and other costs and expenses on Jerry's townhouse for more than 16 years. Larry also asserts that in February 1991, Jerry quitclaimed his interest in the townhouse to Larry, but Larry never had the deed recorded.

¶3 In June 2005, Jerry was faced with a delinquent child support obligation of more than $100,000. Larry claims that, to pay that obligation, Jerry refinanced the loan on the townhouse, which was still in his name, to obtain the $105,000 in equity that had accrued over the years based on Larry's payments toward the mortgage.

¶4 Jerry filed for bankruptcy in October 2005, listing the townhouse as an asset. Sometime thereafter, Larry filed a claim against Jerry in the District Court, but the claim was removed to the United States Bankruptcy Court. Larry ultimately lost his claim in the Bankruptcy Court. In fact, he was sanctioned by the Bankruptcy Court and precluded from entering evidence at trial due to his failure to file a pretrial order, to comply with various orders of the Bankruptcy Court, and for violating the temporary stay.

2

¶5 On May 12, 2010, Larry filed a Complaint in the District Court for the Thirteenth Judicial District, Yellowstone County, to once again attempt to recover the money that Jerry allegedly misappropriated from Larry. Jerry moved to dismiss the action on the basis that the claims had been discharged in the bankruptcy proceedings.

¶6 The District Court granted Jerry's motion to dismiss on the grounds that Larry's lawsuit was barred by res judicata arising from his appearance in Jerry's bankruptcy proceedings. In refusing to give Larry an opportunity to relitigate the Bankruptcy Court's decision, the District Court noted that Larry already was given an opportunity to pursue his claim; however, "due to his repeated failure to follow the Bankruptcy Court's orders[,] he was not permitted to present evidence and as a result lost his case." In addition, the court stated that "Larry is precluded from now presenting any claims against Jerry which he was obligated to pursue through the Bankruptcy Court."

¶7 Larry appealed to this Court claiming that the doctrine of res judicata does not apply here because the parties, the subject matter, and the issues are not the same. Larry also complains that the District Court improperly converted a motion to dismiss in this case into a motion for summary judgment.

¶8 Jerry counters that all of Larry's claims have been resolved by the Bankruptcy Court through its orders disallowing those claims and prohibiting Larry from offering any evidence in support of those claims. Jerry asserts that the discharge of the obligation in Bankruptcy Court is res judicata against any further collection actions. *See Brilz v. Metropolitan General Ins. Co.*, 2012 MT 184, ¶¶ 21-25, ___ Mont. ___, ___ P.3d ___.

Jerry also asserts that the District Court's conversion of the motion to dismiss into a motion for summary judgment was harmless error as the end result would be the same.

¶9 To borrow an expression from John Maynard Keynes:[1] If I owe you a pound, I have a problem, but if I owe you a million, the problem is yours. Sadly for Larry, that is the rule in this case.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the record and the arguments, we affirm the District Court's Order.

/S/ JAMES C. NELSON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER

---

[1] Keynes (1883-1946) was a British economist whose ideas were known as Keynesian economics.